IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAJESTIC HOWARD, individually and
MAJESTIC HOWARD, as Guardian of
MAJESTY HOWARD,
MAJESTIC HOWARD, JR.,
and KARISMA STRONG,

     Plaintiffs,

VS.                                          No. 17-cv-855-JB-LF

CITY OF ALBUQUERQUE,
OFFICER JONATHAN FRANCO,
individually, OFFICER BEN DAFFRON,
individually, OFFICER JOSHUA CHAFIN,
individually, OFFICER SONNY MOLINA,
individually.

     Defendants.

## ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO FILE PLAINTIFF'S EXPERT WITNESS DESIGNATIONS

THIS MATTER is before the Court on plaintiff Majestic Howard's Motion for Extension of Time to File Plaintiff's Expert Witness Designation, filed on March 19, 2018. Doc. 33. Defendant Jonathan Franco filed a response opposing the extension, Doc. 36, and plaintiff filed a reply, Doc. 43. On the same day that he filed his motion for an extension of time, plaintiff filed a Motion to Stay Proceedings Pending Determination of Competency. Doc. 32. In the instant motion, plaintiff asks the Court to extend the time for filing his expert witness designation from the current deadline of March 19, 2018, Doc. 23, until thirty days after the Court lifts any stay granted pursuant to his pending motion to stay. Doc. 33 at 1. Having reviewed the briefing and the relevant law, the Court finds the motion is well-taken in part and should be GRANTED IN PART.

As grounds for an extension, plaintiff states that he needs more time to designate expert witnesses pending a full determination of Mr. Howard's competency. Doc. 33 at 2. Defendant

Franco opposes the motion, arguing that plaintiff has not shown good cause for an extension, has failed to explain how the issue of his competency prevented him from obtaining an expert and meeting the Court's deadlines, and is attempting to benefit from his dilatory conduct. Doc. 36 at 2. Defendant asks the Court to bar plaintiff from "using any experts in this litigation." *Id*. While plaintiff might have raised the issue of competency sooner, the Court finds plaintiff's desire to resolve the issue of competency before proceeding in this litigation constitutes good cause for granting an extension of the deadline to designate experts. The Court therefore will grant an extension.

However, rather than extending the deadline to designate experts until thirty days after the Court lifts any stay imposed, as plaintiff requests, the Court finds the better course of action in this case is to vacate the current scheduling order deadlines (*See* Doc. 23). The Court will reset the scheduling order deadlines after the Court rules on the pending motion to stay, and after any stay, if granted, has been lifted. While plaintiff asserts that an extension of time to file his expert witness designation will not affect the trial setting, and that he does not wish to continue the trial setting, the Court finds that, given the current progress in this case, this case will not be ready for trial by the current trial setting of September 17, 2018, *see* Doc. 23 at 2. The parties should address vacating the August 17, 2018 motion hearing, the September 7, 2018 pretrial conference, and the September 17, 2017 trial setting with Judge Browning.

IT IS THEREFORE ORDERED that Plaintiff Majestic Howard's Motion for Extension of Time to File Plaintiff's Expert Witness Designation is GRANTED IN PART. The current scheduling order deadlines—other than the August 17, 2018 motion hearing, the September 7,

2018 pretrial conference, and the September 17, 2018 trial setting, which will be addressed by

Judge Browning—(*see* Doc. 23) are VACATED.

Laura Fashing
United States Magistrate Judge